IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MERIAL LIMITED and BASF AGRO B.V., ARNHEM (NL), WÄDENSWIL BRANCH, | § § § | |
| Plaintiffs | § § | |
| v. | § | Civil Case No. 4:10-cv-181-Y |
| VIRBAC S.A. and VIRBAC CORPORATION, | § § § § | |
| Defendants. | § | |

## VIRBAC S.A. AND VIRBAC CORPORATION'S EMERGENCY MOTION FOR PARTIAL STAY OF ORDER GRANTING MOTION TO COMPEL

Defendants Virbac S.A. and Virbac Corporation (collectively, "Virbac") file this Emergency Motion for Partial Stay of the Magistrate Judge's order on Merial Limited's and BASF Agro B.V., Arnhem (NL), Wädenswil Branch's (collectively, "Merial") Emergency Motion to Compel, and would show the Court as follows:

### INTRODUCTION

On June 10, the magistrate judge ordered that Virbac provide its trade secrets, research and development plans, and other confidential information to its direct competitor, Merial, by June 17—tomorrow. *See* Exhibit A. The magistrate judge's protective order allows Merial's in-house counsel, Dr. Judy Jarecki-Black, full access to the highest level of confidential information—marked "CONFIDENTIAL ATTORNEY EYES ONLY"—even though she is indisputably involved in competitive decision-making regarding licensing negotiations and settlements. *See* Exhibit B, ¶ 9(e). Without a stay of the magistrate's order pending review, a later holding by this Court that the magistrate's discovery order is clearly erroneous or contrary to law will be largely ineffectual. Virbac will be in the untenable position of giving a competitive decision-maker its highly confidential information before this Court even considers

Virbac S.A. and Virbac Corporation's Emergency Motion for
Partial Stay of Order Granting Motion to Compel                                                           Page 1
DALLAS\416630.1

its objections, which are being filed today. The bell will have already been rung, a Merial decision-maker will already have reviewed all of Virbac's highly confidential information, and this Court's subsequent order will have little effect.

It is important to note that Virbac does not seek a stay of the majority of the magistrate judge's order, including that part ordering disclosure of certain confidential information and permitting Merial's outside counsel to review it. While Virbac does object to disclosing some of this information, its disclosure can be remedied by an order from this Court that Merial return the information, so no stay of the disclosure is necessary. Instead, Virbac requests that this Court stay only that part of the order granting Dr. Jarecki-Black access to *the highest level* of confidential information. A stay would not be a decision on the merits, but rather would be an interim measure to give the Court an opportunity to consider the merits of Virbac's objections to the order.

## ARGUMENT

In ruling on a motion to stay, courts consider the following factors: (1) whether Virbac has a strong likelihood of prevailing on the merits; (2) whether Virbac will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure Merial; and (4) whether the public interest supports a stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Jenkins v. Robotec, Inc.*, No. 1:09cv150HSO-JMR, 2009 WL 5166252, at *2 (S.D. Miss. Dec. 29, 2009). Because Virbac has established its entitlement to a stay based on those four factors, it requests that this Court grant a stay pending consideration of the merits of its objections.

### I.   Virbac has a strong likelihood of success on the merits.

Virbac has established a strong likelihood of success on the merits, as shown by the accompanying objections to the magistrate's order. Virbac presented substantial evidence

**Virbac S.A. and Virbac Corporation's Emergency Motion for**
**Partial Stay of Order Granting Motion to Compel**                                                                                                  Page 2
DALLAS\416630.1

demonstrating that Dr. Jarecki-Black is a competitive decision-maker, such that the magistrate judge erred in ordering that she have access to Virbac's highly confidential information. Dr. Jarecki-Black's active involvement in negotiating settlements and license agreements, as well as her prosecution of patents owned by Merial, all establish that she participates in Merial's business-related decisions. *See Fairchild Semiconductor Corp. v. Third Dimension Semiconductor, Inc.*, No. 08-158, 2009 WL 1210638, at *10 (D. Me. Apr. 30, 2009). As such, Virbac has shown—at the least—that there is a strong likelihood that Dr. Jarecki-Black is a competitive decision-maker and that it is therefore entitled to protection against her review of its highly confidential information. As discussed further in the objections being filed today, Virbac has established more than a substantial case that it will succeed on the merits.

**II.    Virbac will be irreparably injured absent a stay because Merial will have already had access to the highest level of confidential information.**

The irreparable harm resulting from the denial of a stay is obvious in a case like this, where the dispute concerns the protection of highly confidential information and where access to that information by one of a party's lawyers, if justified, will only be delayed for a short time. The documents Virbac seeks to protect contain information on directly competing products, which could be used by Merial to gain a competitive advantage over Virbac if disclosed. They also contain details regarding the highly-confidential source of Virbac's fipronil, which is irrelevant to any issues in this litigation, as fully explained in Virbac's objection to the Magistrate Judge's order. There is an undeniably high risk of inadvertent disclosure when in-house counsel of Dr. Jarecki-Black's position and skill are given access to a competitor's confidential information. *See generally Amsted Indus., Inc. v. Nat'l Castings, Inc.*, No. 88-C924, 1988 WL 90022 (N.D. Ill. Aug. 22, 1988). Those risks would continue far beyond the scope of this Court's

**Virbac S.A. and Virbac Corporation's Emergency Motion for
Partial Stay of Order Granting Motion to Compel**                                                                                    Page 3
DALLAS\416630.1

resolution of the present dispute. In sum, Virbac will be irreparably harmed if this Court refuses a stay and Virbac has to comply with the magistrate's order.

### III. Issuance of a stay will not substantially injure Merial because it is only a temporary measure until this Court considers the merits of Virbac's appeal.

Particularly when weighed against the irreparable injury resulting to Virbac absent a stay, this factor also favors Virbac. At most, if Merial is successful in defending the magistrate's order, access to these highly confidential documents by one member of its legal team will have been delayed only as long as this Court needs to address Virbac's objections. Far from prejudicing Merial's presentation of its case, a temporary stay would—at most—be a slight inconvenience. Compared with the drastic competitive disadvantage that would result to Virbac from the denial of a stay, this slight inconvenience does not foreclose Virbac's entitlement to a stay.

### IV. The public interest favors granting of a stay.

Absent a stay, Virbac's confidential information would be disclosed to a direct competitor. The public has an interest in "knowing and understanding . . . that confidential information and trade secrets will not be disclosed." *Corp. Relocation, Inc. v. Martin*, No. 3:06-CV-232-L, 2006 WL 4101944, at *18 (N.D. Tex. Sept. 12, 2006). Here, the public interest supports not disclosing Virbac's highly confidential information to a competitor until this Court has fully considered and ruled on Virbac's objections to the magistrate's order.

### CONCLUSION

For the foregoing reasons, Virbac S.A. and Virbac Corporation respectfully request that this Court enter a temporary stay pending this Court's review of Virbac's objections to the magistrate's order, and asks for all other relief the Court may deem proper.

**Virbac S.A. and Virbac Corporation's Emergency Motion for**
**Partial Stay of Order Granting Motion to Compel**                                                                                                Page 4
DALLAS\416630.1

Respectfully submitted,

By: s/ Michael D. Pegues
    michael.pegues@bgllp.com
    Texas Bar No. 15730600
    Michael R. Samardzija (*Pro Hac Vice*)
    michael.samardzija@bgllp.com
    Texas Bar No. 24063754
    Jason A. Wietjes
    jason.wietjes@bgllp.com
    Texas Bar No. 24042154

Bracewell & Giuliani LLP
1445 Ross Avenue
Dallas, Texas 75202
Telephone:  (214) 468-3800
Facsimile:  (214) 468-3888

ATTORNEYS FOR DEFENDANTS VIRBAC
S.A. AND VIRBAC CORPORATION

**Virbac S.A. and Virbac Corporation's Emergency Motion for**
**Partial Stay of Order Granting Motion to Compel**    Page 5
DALLAS\416630.1

**CERTIFICATE OF CONFERENCE**

On June 16, 2010, Jason Wietjes, counsel for Defendants, and Patrick Elsevier, counsel for Plaintiffs, conferred regarding the relief sought herein. Counsel for Plaintiffs confirmed that Plaintiffs are opposed to the Motion and the requested relief.

                                                s/ Jason A. Wietjes
                                                Jason A. Wietjes

**CERTIFICATE OF SERVICE**

I certify service was made upon counsel for Merial Limited and BASF Agro B.V., Arnhem (NL), Wädenswil Branch pursuant to Local Rule 5.1(d) and Federal Rule of Civil Procedure 5(b)(2)(E) and 5(b)(3) via the notice of electronic filing that is automatically generated by ECF on June 16, 2010.

                                                s/ Michael D. Pegues
                                                Michael D. Pegues

**Virbac S.A. and Virbac Corporation's Emergency Motion for**
**Partial Stay of Order Granting Motion to Compel**           **Page 6**
DALLAS\416630.1